UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBERT FIREMAN and ANN RAIDER,

Plaintiffs,

v.

NEWS AMERICA MARKETING IN-STORE, INC.,

Defendant.

Civil Action No. 05-11740-MLW

## DECLARATION OF GORDON P. KATZ, ESQ.

1. I am a partner at Holland & Knight, LLP.

2. From the outset of this case, I have been lead counsel for News America Marketing In-Store, Inc. ("NAM").

3. I make this declaration based on my personal knowledge and a review of records concerning this litigation.

4. Exhibit 2, included in NAM's Exhibit Binder, is a true and accurate copy of the Stock Purchase Agreement, dated August 13, 1999, between NAM and the Plaintiffs (among others).

5. Exhibit 1, included in NAM's Exhibit Binder, is a true and accurate copy of a May 27, 1999 Memorandum regarding CCMI Due Diligence, NAM bates pages 3157-3159. It states the financial status of CCMI during the first quarter of 1999. The 1998 financial statements are found in CCMI Schedule 4.6 of the Stock Purchase Agreement, dated August 13, 1999, between NAM and the Plaintiffs (among others) (Exhibit 2).

**CERTIFICATE OF SERVICE**

     I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 4th day of June, 2007.

                                                   /s/ Gordon P. Katz
                                                   Gordon P. Katz

6. Exhibit 3, included in NAM's Exhibit Binder, is a true and accurate copy of a tabulation of earn-out payments made by NAM to the Plaintiffs.

7. Exhibit 8, included in NAM's Exhibit Binder, is a true and accurate copy of a Letter dated 10/30/06 from Rich to Katz.

8. Exhibit 9, included in NAM's Exhibit Binder, is a true and accurate copy of a Letter dated 12/12/06 from Katz to Rich.

9. Exhibit 10, included in NAM's Exhibit Binder, is a true and accurate copy of a Letter dated 1/5/07 from Rich to Katz.

10. Exhibit 11, included in NAM's Exhibit Binder, is a true and accurate copy of a Letter dated 1/26/07 from Katz to Rich.

11. The March 27, 2007 deposition of Alfred McBean covered, among other topics, the procedures employed by NAM for backup tapes, for online information, and for ESI generally.

12. NAM continued to supplement its production after this deposition. Plaintiffs' counsel, however, continued to seek access to ESI resident on NAM's backup tapes.

13. On April 27, 2007, counsel for both parties met to discuss their respective positions concerning the Plaintiffs' requests for restoration, searching, and production of ESI from backup tapes.

14. At this meeting, among other points, I explained to Kevin Peters, Plaintiffs' counsel, that my review of McBean's testimony and his questions indicated that he may have misunderstood the backup structure employed by NAM. I explained that there were three forms of backup tapes: (i) a set of daily backups of the full system, which are recycled every four to

2

five weeks; (ii) a set of year-end, full system backups that are retained longer term; and (iii) a set of daily backups of the email system, that are similarly retained longer term.

15. I re-emphasized NAM's position that ESI resident on its backup tapes was not reasonably accessible. I explained that, based on his escalating requests for ESI from these backup tapes, NAM had engaged an electronic discovery and forensic expert to determine the cost of undertaking and completing the requested restoration, searching, and production of ESI resident on backup tapes, which would consist of (i) the year-end full system backup tapes, and (ii) the daily email backup tapes.

16. I informed Plaintiffs' counsel that obtaining potentially responsive ESI from the year-end, full system backup tapes would cost approximately $4.5 million.

17. I informed Plaintiffs' counsel that obtaining potentially responsive ESI from the daily email backup tapes would cost approximately $9.1 million.

18. I later provided Plaintiffs' counsel with case law, via an email dated May 25, 2007, demonstrating the mertiless nature of the Plaintiffs' Motion to Compel. A true and accurate copy of this email is included as Exhibit 17. I requested that the Plaintiffs withdraw their Motion, to avoid causing NAM to incur needless and unwarranted legal expense.

19. The Plaintiffs have noticed and taken, or noticed with the intention to take, a number of depositions of NAM senior management, including: (i) Henri Lellouche, (ii) Chris Mixson, (iii) Dave DeVoe, Jr., (iv) Marty Garafolo, and (v) Paul Carlucci.

20. The Plaintiffs have not designated an expert for their claimed damages case. The deadline for making this designation has expired.

Signed under the penalties of perjury this 4th day of June, 2007.

_____
Gordon P. Katz

# 4577893_v3

4