UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                          )
ROBERT FIREMAN and ANN RAIDER,            )
                                          )
            Plaintiffs,                   )
                                          )
        v.                                )    CIVIL ACTION NO. 05-11740MLW
                                          )
NEWS AMERICA MARKETING IN-STORE,          )
INC.,                                     )
                                          )
            Defendant.                    )
_____)

## ROBERT FIREMAN AND ANN RAIDER'S MOTION TO MODIFY SCHEDULING ORDER

Plaintiffs Robert Fireman and Ann Raider respectfully move for an Order modifying the Scheduling Order entered by this Court on May 30, 2006. Despite the parties' best efforts, delays and witness unavailability have prevented the completion of discovery and other milestone dates called for in the Discovery Order. As discussed below, the Plaintiffs seek only a modest modification of the Scheduling Order to reflect the realities associated with the lengthy discovery process which remains ongoing by agreement of the parties. As a practical matter a limited modification to the Scheduling Order will have practically no impact on the general administration of the case as the Defendant has indicated an intent to move for summary judgment at the conclusion of the party deposition phase of the case, which is now scheduled to conclude in mid-July. Presumably, the summary judgment briefing process will necessarily modify the Court's existing pretrial and trial schedule. As further grounds therefore, the Plaintiffs state as follows:

1.    The parties appeared before the Court in May, 2006 for their initial

scheduling conference. Shortly thereafter, the Court entered a Scheduling Order to

govern the administration of the case. The Order set the following relevant deadlines:

> Motions to Amend Pleadings by July 31, 2006
> Automatic Disclosures by June 15, 2006
> Expert Disclosures by March 30, 2006
> Discovery Concludes by May 31, 2007
> Scheduling Conference on June 26, 2007
> Final Pretrial Conference on August 8, 2007
> Trial on August 20, 2007

2.    After the issuance of the Scheduling Order, the parties made their required

automatic disclosures and began propounding discovery. The Plaintiffs each served

Requests for Production of Documents on June 1, 2006. Defense counsel sought and

obtained a one month extension to respond to the document request. See Exhibit A

(email request). Defense counsel sought a second one plus month extension on July 27,

2006 and proposed that responsive documents be produced after Labor Day. See Exhibit

B (email request). Additional delays pushed the Defendants' document production into

late September, 2006. See Exhibit C. In all, the Defendants documents were not

produced until September 27, 2007, some four months after the document request had

been propounded and five months into discovery. Even after producing some materials,

discovery disputes followed concerning the scope and breadth of the Defendants'

document production. These paper discovery disputes spilled into late 2006 and early

2007. See e.g. Exhibit D (emails reflecting discovery disputes and the identification of

additional responsive documents) and Exhibit E (correspondence reflecting disputes).

While many of these early discovery disputes were worked out between counsel via

further document productions and disclosures, the issue of the Defendants' failure to

produce certain electronic discovery, particularly email back-up tapes, has resulted in a motion to compel, which is now pending before the Court. The salient point here is that the overwhelming majority of the one year discovery time limit has been dedicated to issues relating to the production of the Defendants' documents. The failure to obtain documents in a timely manner made it impractical for the Plaintiffs to commence deposition discovery and conclude expert disclosures as contemplated by the Scheduling Order.

3.    Further compounding matters is the fact that fact based deposition discovery in this matter has barely commenced. By letter dated January 5, 2007, Plaintiffs' counsel informed Defendant's counsel that "we have also identified the first four individuals we intend to depose. I am happy to share the identities of these individuals so we can begin the process of working to schedule these depositions in the most efficient manner possible." See Exhibit E.   Unfortunately, defense counsel did not respond to the scheduling request in a timely manner.  See Exhibit F (email dated March 27, 2007 to defense counsel stating "I am still waiting for dates from your folks as well for depositions"); Exhibit G (email dated April 26, 2007 to defense counsel noting "I must say that I am finding it increasingly difficult to work to accommodate your scheduling needs where you have not provided me with a single available date for any of your witnesses ..."). When counsel did respond with available dates, most of the defense witnesses were not available to be deposed within the discovery time periods, instead offering available dates in June and July, 2007. See e.g. Exhibit H (email dated June 4, 2007 from defense counsel offering dates for witnesses on July 6 and July 18, 2007).

4.     Compounding matters, Defendants have required Plaintiffs to travel to New York for all but one of the Defendants' depositions. This process has and will require five (5) separate trips to New York City for depositions as defense counsel reports that witnesses are not available to be deposed within the same time frame.

5.     In all, the Plaintiffs were unable to actually undertake substantive depositions in this matter until May 25, 2007, some six days before the proscribed date for the conclusion of discovery.[1] Plaintiffs have been advised that all other defense witnesses are not available until June and July, 2007, well after the expiration of the discovery deadline. As an accommodation to these defense witnesses, and by agreement of the parties, the Plaintiffs have agreed that these depositions may be taken outside the discovery deadline.

6.     The Plaintiffs, through counsel, have been respectful of scheduling issues, requests for extensions of time and other delays. In short, the Plaintiffs have accommodated Defendants at every turn. The Plaintiffs' courtesy however should not be used against them as a basis to deny them the opportunity to conclude discovery and collect the information necessary to conclude its expert reports.

7.     Defendants have indicated an intent to move for summary judgment shortly after the conclusion of all pending and noticed depositions, now set for mid July. Given this schedule, summary judgment will not be concluded until, at the earliest, September, especially given pre-planned summer vacation schedules of counsel (presumably on both side). This practical reality will necessarily require that the trial date in this matter be moved beyond its scheduled date of August 20, 2007.

8.      As a result of these practical realities, Plaintiffs propose that the Court

modify the existing Scheduling Order as follows:

> Expert Disclosures by July 2, 2007
>
> Discovery shall be concluded by July 20, 2007 however if and when the Court allows the Plaintiffs' pending motion to compel electronic discovery, the Plaintiffs shall be permitted to seek a brief enlargement of the discovery deadlines to undertake discovery limited to issues set forth in the newly disclosed evidence.
>
> Final Pretrial Conference – To be set by Court after summary judgment motions have been addressed.
>
> Trial –To be set by Court after summary judgment motions have been addressed.

The Plaintiffs suggest that the parties proceed with the previously scheduled

Status Conference now set to proceed on June 26, 2007 at 4:00 PM so the Court may

address these and any other relevant scheduling issues.

WHEREFORE, the Plaintiffs respectfully request that the Court modify the

existing Schedule Order as set forth in Paragraph 8 above.

ANN RAIDER AND ROBERT FIREMAN

By their attorneys,

/s/ Kevin T. Peters
Kevin T. Peters (BBO #550522)
David H. Rich (BBO #634275)
Charles H. Roumeliotis (BBO #657553)
Todd & Weld LLP
28 State Street
Boston, MA  02109
Dated:  June 8, 2007                              (617) 720-2626

---

[1]      Plaintiffs did undertake a Rule 30(b)(6) deposition of the Defendant concerning issues relating to electronic and paper document discovery.  This deposition has resulted in the motion to compel currently pending before the Court.

## **CERTIFICATION PURSUANT TO LOCAL RULES 7.1 and 37.1**

I, Kevin T. Peters, hereby certify pursuant to Rules 7.1 and 37.1 of the Local Rules of the United States District Court for the District of Massachusetts that I have made a reasonable and good faith effort to reach agreement with counsel for News America Marketing In-Store, Inc., on the matter that is the subject of this Request. I spoke with Gordon Katz on June 8, and corresponded by email. Following those discussions, the defendant confirmed that it assents to the motion only to the extent it pertains to extending the pre-trial conference date and the trial date.

/s/ Kevin T. Peters
Kevin T. Peters

## **CERTIFICATE OF SERVICE**

I, Kevin T. Peters, hereby certify that this Robert Fireman and Ann Raider's Motion to Modify Scheduling Order filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 8, 2007.

/s/ Kevin T. Peters
Kevin T. Peters

Dated:   June 8, 2007

EXHIBIT A

## Rich, David H.

| | |
|---|---|
| **From:** | gordon.katz@hklaw.com |
| **Sent:** | Monday, June 26, 2006 11:54 AM |
| **To:** | Rich, David H |
| **Subject:** | Fireman & Raider/News America |

David,

Good morning

Just a short note to request an additional month extension re: your document request in the above case. Needless to say, we are happy to reciprocate. Let me know if this is acceptable, and we can determine the new response dates all along.

Regards

Gordon

# Holland + Knight

### Gordon P. Katz

Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116

Direct 617.573.5839
Main   617.523.2700
Fax    617.523.6850
Email  gordon.katz@hklaw.com

www.hklaw.com

NOTICE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed   If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else   If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence   If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality

<<Gordon P Katz vcf>>

EXHIBIT B

**Rich, David H.**

| | |
|---|---|
| **From:** | gordon katz@hklaw.com |
| **Sent:** | Thursday, July 27, 2006 9:37 AM |
| **To:** | Rich, David H |
| **Subject:** | Fireman/News America Marketing |
| **Importance:** | High |

David,

Another request for additional time. I have been flat out all summer and August is looking to be about the same. Can we agree to further extend our response date for document production, etc to after Labor Day, say September 8 Let me know Many thanks

Regards

Gordon

# Holland + Knight

**Gordon P. Katz**

Holland & Knight LLP
10 St James Avenue
Boston, MA 02116

Direct 617.573.5839
Main    617.523 2700
Fax     617.523 6850
Email  gordon katz@hklaw.com

www.hklaw.com

NOTICE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed  If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else  If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence  If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality

<<Gordon P Katz vcf>>

EXHIBIT C

## Rich, David H.

| | |
|---|---|
| **From:** | gordon.katz@hklaw.com |
| **Sent:** | Monday, August 28, 2006 4:52 PM |
| **To:** | Rich, David H. |
| **Subject:** | RE: document review in Fireman/Raider v. Newsamerica |

Sounds like a plan.

Gordon

---

**From:** Rich, David H. [mailto:drich@toddweld.com]
**Sent:** Monday, August 28, 2006 4:32 PM
**To:** gordon.katz@hklaw.com
**Cc:** Peters, Kevin
**Subject:** document review in Fireman/Raider v. Newsamerica

Gordon: My clients and I are available to review your client's document production on September 27th at 10 AM at your office. Please let me know if this works for you. My clients are in the process of collecting their documents and we should be in a position to produce our documents at or around this time as well. Our production should be of a size where it is more economical for you to simply have all our files copied and bate stamped. Thanks

David H. Rich, Esquire
Todd & Weld LLP
28 State Street, 31st Floor
Boston, MA 02109
(617) 720-2626
(617) 227-5777 (fax)

This e-mail, and any attachments thereto, is intended only for the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me by return e-mail and permanently delete the original and any copy of this e-mail message and any printout thereof.

To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. tax penalties.

8/29/2006

EXHIBIT D

## Rich, David H.

**From:**     gordon katz@hklaw com
**Sent:**     Thursday, November 16, 2006 9:12 AM
**To:**       Rich, David H.; Peters, Kevin
**Cc:**       tara myslinski@hklaw com; nathaniel hulme@hklaw.com
**Subject:**  Fireman/Raider - NAM

David and Kevin,

My intention was to get back to you by todaay with respect to your recent letter regarding document discovery. I have, however, been swamped with matters in and out of the office. I will try to get you a response before Thanksgiving. I trust that this is ok; please let me know. In general, I think that we should be able to work out any issues which you might have

Regards

Gordon

# Holland + Knight

## Gordon P. Katz

Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116

Direct 617.573.5839
Main   617.523.2700
Fax    617.523.6850
Email  gordon.katz@hklaw com

www.hklaw.com

NOTICE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality

<<Gordon P Katz vcf>>

11/20/2006

**Rich, David H.**

| | |
|---|---|
| **From:** | gordon katz@hklaw com |
| **Sent:** | Wednesday, November 29, 2006 12:03 PM |
| **To:** | Rich, David H |
| **Cc:** | tara myslinski@hklaw.com |
| **Subject:** | Fireman/Raider Litigation -- Response to October 30 Letter |

David,

Just want to keep you posted   Because a number of the people mentioned in your letter have left NAM, it is taking more time than anticipated to determine whether they left files relating to the case.  That being the case, I am virtually certain that I will not have a response to your letter until next week since I do not expect to hear back from everyone this week

More to come

Gordon


# Holland + Knight

**Gordon P. Katz**

Holland & Knight LLP
10 St  James Avenue
Boston, MA 02116

Direct 617 573 5839
Main   617 523 2700
Fax    617 523 6850
Email  gordon.katz@hklaw.com

www.hklaw.com

**NOTICE:** This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed   If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else   If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence   If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality

<<Gordon P Katz vcf>>

11/29/2006

**Rich, David H.**

| | |
|---|---|
| **From:** | gordon.katz@hklaw.com |
| **Sent:** | Wednesday, April 04, 2007 4:26 PM |
| **To:** | Rich, David H. |
| **Subject:** | Additional Meeting Minutes |

David,

On another subject: we have been continuing our digging for additional meeting minutes. I think we are now at the absolute end of the road. We have found some additional minutes, and they are ready for you to review. I would estimate that we have a stack of documents about 2 feet high. We can copy them and send them to you, if you would like us to do that. Let me know

Gordon

Gordon P. Katz
Holland & Knight, LLP
10 St. James Avenue
Boston, Ma  02116
617.573.5839
617.523.6850 (fax)
gordon.katz@hklaw.com
www.hklaw.com

This email is intended solely for the use of the individual to whom it is addressed and may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law. If the reader of this email is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the listed email address. Thank You

**From:** Rich, David H. [mailto:drich@toddweld.com]
**Sent:** Wednesday, April 04, 2007 4:20 PM
**To:** gordon.katz@hklaw.com
**Cc:** Peters, Kevin
**Subject:** RE: Confirmation of next weeks depositions

Thanks and let me know if the unexpected becomes the expected. Good luck with your trial

David H. Rich, Esquire
Todd & Weld LLP
28 State Street, 31st Floor
Boston, MA 02109
(617) 720-2626
(617) 227-5777 (fax)

4/6/2007

## Rich, David H.

**From:** gordon.katz@hklaw.com
**Sent:** Tuesday, October 03, 2006 4:07 PM
**To:** Rich, David H.
**Cc:** tara.myslinski@hklaw.com
**Subject:** Fireman/Raider - News America -- Discovery

David,

Are you guys ok with the confidentiality stip I forwarded last week? Let me know. I would like it signed before forwarding copies of the documents you selected.

Also, a couple of additional items:

1. We have located some additional documents from your clients' files at NAM. They are being transmitted to us, and I will let you know when they are ready for viewing.

2. When do you anticipate having for us the written discovery and documents we requested. Let me know.

Many thanks

Gordon

# Holland + Knight

### Gordon P. Katz

Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116

Direct 617.573.5839
Main   617.523.2700
Fax    617.523.6850
Email  gordon.katz@hklaw.com

www.hklaw.com

NOTICE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.

<<Gordon P Katz vcf>>

10/3/2006

<u>EXHIBIT E</u>

# TODD & WELD LLP

### ATTORNEYS AT LAW
### 28 STATE STREET
### BOSTON, MASSACHUSETTS 02109



DAVID H. RICH
Email: drich@toddweld.com

TELEPHONE: (617) 720-2626
FACSIMILE: (617) 227-5777
www.toddweld.com

January 5, 2007

**VIA ELECTRONIC MAIL**
**AND FIRST CLASS MAIL**

Gordon Katz, Esq.
Holland & Knight, LLP
10 St. James Avenue
Boston, MA 02116

      Re:    Robert Fireman and Ann Raider v. News America Marketing In-Store, Inc.
               Civil Action No. 05-11740-MLW

Dear Gordon:

I write to follow up on a few pending matters concerning News America Marketing In-Store's ("NAM") document production and related issues.

First, your December 12, 2006 letter notes that approximately five boxes of additional documents are available for review. My clients and I would like to come to your office to review these documents on January 19th at 10 AM. If possible, we would like the materials previously produced to be made available again. Please let me know if this works for you and your staff.

Second, in my letter of October 30, 2006, I specifically raised the issue of meeting minutes and notes. You responded by stating that certain meeting minutes were produced within the document production. Most respectfully, your written response has missed the point. My clients have requested, and are entitled to review, <u>all</u> meeting minutes at which Ms. Raider, Mr. Fireman, CCMI, SmartSource Direct or SmartSource iGroup were mentioned or discussed.

Nowhere in the "70,000 pages of documents" produced by your client did NAM produce a single meeting minute or note from NAM's executive management meetings, which were routinely held from 8 AM to 11 AM every Monday. These meetings were attended by, among others, Mr. Carlucci, Mr. Porco, Mr. Mixon, Mr. Garafalo, Mr. Jenson, Mr. Klein, Ms. Jehn, Mr. Campelli and Mr. Davoe, Jr. Ms. Raider, Mr. Fireman, CCMI, SmartSource Direct and/or SmartSource iGroup were discussed during these meetings and minutes and notes reflecting discussions on these topics were documented and recorded. To date, nothing has been produced.

Gordon Katz, Esq.
January 5, 2007
Page 2 of 2

Likewise, NAM did not produce a single record, minute or note from its weekly division meetings (sometimes called the "new ventures group meetings" or later, "SmartSource iGroup meetings"). These meetings were attended by individuals such as Mr. Davoe Jr., Mr. Lellouche, Ms. Heardy, Mr. Rubin, Mr. Mixon, Mr. Garofalo, Mr. Campanelli, Mr. Racano and others. Again, there can be no dispute that Ms. Raider, Mr. Fireman, CCMI, SmartSource Direct and/or SmartSource iGroup were routinely discussed during these meetings and minutes and notes reflecting discussions on these topics were documented. At these meetings the strategic plan for the acquisition of CCMI, Planet U and Softcard, Inc. were discussed. Moreover, in these meetings NAM decided how to manage (or not manage) all aspects of CCMI, the Plaintiffs and all other personnel. These materials are relevant to the litigation and must be produced for inspection.

Along the same lines, your letter goes to great lengths to identify various due diligence documentation provided within the document production but nowhere do you represent that all due diligence materials have been produced. As I informed you in October, studies, strategic plans, projections or internal analysis were performed by NAM concerning the potential acquisition on CCMI. These documents were prepared and circulated within NAM prior to the execution of the Stock Transfer Agreement. None of these materials have been produced. Along the same lines, nowhere does your letter address my clients' request for NAM's strategic plan, analysis or report concerning NAM's potential acquisitions of Planet U, Softcard and CCMI. Again, these documents existed at one time. If the documents no longer exist, please so state and identify when they were destroyed. If the documents currently exist (and we have reason to believe that they do), please produce them.

Concerning the issues set forth in your letter concerning electronic data retention, my clients intend to notice a Rule 30(b)(6) deposition on this topic. I will forward to you shortly a deposition notice. I would like to work cooperatively with you to schedule the deposition for a date convenient to all. We have also identified the first four individuals we intend to depose. I am happy to share the identities of these individuals so we can begin the process of working to scheduling these depositions in the most efficient manner possible.

Thank you

Very truly yours,

David H. Rich

cc:    Kevin T. Peters, Esq

EXHIBIT F

**Rich, David H.**



-----Original Message-----
From: Rich, David H. [mailto:drich@toddweld.com]
Sent: Tuesday, March 27, 2007 9:43 AM
To: gordon.katz@hklaw.com
Cc: Peters, Kevin; jlippner@newscorp.com
Subject: RE: Ann Raider's deposition


Gordon - Ms. Raider advises that she is traveling the next few weeks extensively and the next Monday she is available is April 30th. If you are looking for another day generally, she is available on April 20th.
If neither of these dates work, we will have to move it to May or keep the date as is. I hear you on the ints and am working on it.

I am still waiting for dates from your folks as well for depositions.


David H. Rich, Esquire
Todd & Weld LLP
28 State Street, 31st Floor
Boston, MA 02109
(617) 720-2626
(617) 227-5777 (fax)

-----Original Message-----
From: gordon.katz@hklaw.com [mailto:gordon.katz@hklaw.com]
Sent: Tuesday, March 27, 2007 6:14 AM
To: Rich, David H.
Cc: Peters, Kevin; jlippner@newscorp.com
Subject: Re: Ann Raider's deposition

David,

Actually, can we move Anne's depo to the following Monday?

Also, for both her and Mr. Fireman's depo (the previous Fri), we will need answers to the 2d set of ints. When do you expect that they will be ready for me?

Let me know. Many thanks.

Gordon


Gordon P. Katz
Holland & Knight LLP
10 St. James Avenue

1

Boston, MA  02116
E-Mail: gordon.katz@hklaw.com
Telephone: 617.573.5839
Fax: 617 523.6850
www.hklaw.com


This email is intended solely for the use of the individual to whom it is addressed and
may contain information that is privileged, confidential or otherwise exempt from
disclosure under applicable law.
If the reader of this email is not the intended recipient or the employee or agent
responsible for delivering the message to the intended recipient, you are hereby notified
that any dissemination, distribution, or copying of this communication is strictly
prohibited  If you have received this communication in error, please immediately notify
us by telephone and return the original message to us at the listed email address.  Thank
You.


----- Original Message -----
From: Rich, David H. <drich@toddweld.com>
To: gordon.katz@hklaw.com <gordon.katz@hklaw.com>
Sent: Mon Mar 26 12:13:10 2007
Subject: Ann Raider's deposition

Gordon-As you may now have figured out, Ann Raider's deposition falls on the first night
of Passover.  I have checked with Ms. Raider and we are
both fine going until 4 PM but cannot go beyond 4.   I assume that isn't
a problem for you (and that you may have similar time restrictions).



David H. Rich, Esquire
Todd & Weld LLP
28 State Street, 31st Floor
Boston, MA 02109
(617) 720-2626
(617) 227-5777 (fax)



This e-mail, and any attachments thereto, is intended only for the
addressee(s) named herein and may contain legally privileged and/or confidential
information. If you are not the intended recipient, you are hereby notified that any
dissemination, distribution or copying of this e-mail, and any attachments thereto, is
strictly prohibited. If you have received this e-mail in error, please immediately notify
me by return e-mail and permanently delete the original and any copy of this e-mail
message and any printout thereof.

To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we
inform you that any U.S tax advice contained in this communication (including any
attachments) is not intended or written to be used, and cannot be used, for the purpose of
avoiding U.S.
tax penalties.


This e-mail, and any attachments thereto, is intended only for the
addressee(s) named herein and may contain legally privileged and/or confidential
information.  If you are not the intended recipient, you are hereby notified that any
dissemination, distribution or copying of this e-mail, and any attachments thereto, is
strictly prohibited.  If you have received this e-mail in error, please immediately notify
me by return e-mail and permanently delete the original and any copy of this e-mail
message and any printout thereof.

2

To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of avoiding U.S tax penalties.

EXHIBIT G

**Rich, David H.**

| | |
|---|---|
| **From:** | gordon.katz@hklaw.com |
| **Sent:** | Thursday, April 26, 2007 9:08 AM |
| **To:** | Rich, David H |
| **Subject:** | RE: Deposition Dates |

I understand  Please tell me what is on the table now   Many thanks

Gordon

---

**From:** Rich, David H. [mailto:drich@toddweld.com]
**Sent:** Thursday, April 26, 2007 8:55 AM
**To:** gordon.katz@hklaw.com
**Cc:** Peters, Kevin
**Subject:** Deposition Dates

Gordon - I have nothing further beyond the dates I provided you two weeks ago   I have provided you with available dates for Ann Raider beginning a week and a half from now     I am continuing to endeavor to find a closer date for Mr  Fireman   I remind you that both of these depositions were scheduled in March and cancelled by you  Also, while I appreciate your efforts to move things along, I must say that I am finding it increasingly difficult to work to accommodate your scheduling needs where you have not provided me with a single available date for any of your witness, a request which has been outstanding for well over a  month.  I will always attempt to work cooperatively with you, but this must be a two way street.  I'm sure you understand

David H. Rich, Esquire
Todd & Weld LLP
28 State Street, 31st Floor
Boston, MA 02109
(617) 720-2626
(617) 227-5777 (fax)

---

**From:** Rich, David H.
**Sent:** Tuesday, April 10, 2007 4:41 PM
**To:** 'gordon.katz@hklaw.com'
**Cc:** Peters, Kevin
**Subject:** Interrogatory Answers and deposition dates

Gordon - Attached are Robert Fireman's Answers to the Defendants' Second Set of Interrogatories.  Ann Raider is currently traveling and I will forward to you her answers upon her return   You will find that Ms  Raider's interrogatory answers will be virtually identical to Mr  Fireman's responses

Concerning deposition scheduling, Ms  Raider is available to reschedule her deposition on either May 9th, 15th or 17th   Mr  Fireman is available on May 22nd and 24th.  Please let me know which of these dates work for you

Thanks and see you tomorrow at 1 for Mr  Charm's deposition

David H. Rich, Esquire
Todd & Weld LLP
28 State Street, 31st Floor
Boston, MA 02109
(617) 720-2626
(617) 227-5777 (fax)

This e-mail, and any attachments thereto, is intended only for the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify me by return e-mail and permanently delete the original and any copy of this e-mail message and any printout thereof.

To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of avoiding U.S. tax penalties.

4/26/2007

EXHIBIT H

**Rich, David H.**

| | |
|---|---|
| **From:** | gordon.katz@hklaw.com |
| **Sent:** | Monday, June 04, 2007 5:39 PM |
| **To:** | Peters, Kevin; Rich, David H |
| **Subject:** | Fireman/Raider -- Depos of Paul Carlucci and Marty Garofalo |

Kevin and Dave,

I have checked availabilities and we propose **July 6** for Paul, and July 18 for Marty, both at NAM's offices in New York

Let me know asap if you want to go with these dates. Many thanks

Gordon

# Holland + Knight

### Gordon P. Katz

Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116

Direct 617.573.5839
Main  617.523.2700
Fax   617.523.6850
Email gordon.katz@hklaw.com

www.hklaw.com

NOTICE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed  If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else  If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence  If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality

<<Gordon P Katz.vcf>>

6/6/2007