UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| ROBERT FIREMAN and ANN RAIDER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 05-1740MLW |
| | ) | |
| NEWS AMERICA MARKETING IN-STORE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

# PLAINTIFFS' MOTION FOR LEAVE TO FILE A REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO DISCLOSE EXPERTS BEYOND EXPERT DISCLOSURE DATE

Pursuant to Local Rule 7.1(B)(3), Plaintiffs Robert Fireman and Ann Raider respectfully move for leave to file a reply to Defendant's Opposition To Plaintiffs' Motion for Leave to Disclose Experts Beyond Expert Disclosure Date. This reply is necessary to respond to certain important omissions from Defendant's opposition, and to respond to other matters raised by Defendants not addressed by Plaintiffs in their opening brief. Plaintiffs submit that the reply will not create any new matters for argument but will assist the Court in resolving the issues originally set forth in Plaintiffs' motion for leave. A copy of the proposed reply is attached hereto as Exhibit A. Counsel for the Defendant has agreed not to oppose this Motion.

ANN RAIDER AND ROBERT FIREMAN,

By their attorneys,

/s/ Charles H. Roumeliotis
Kevin T. Peters (BBO #550522)
David H. Rich (BBO #634275)
Charles H. Roumeliotis (BBO #657553)
Todd & Weld LLP
28 State Street
Boston, MA 02109

Dated: September 21, 2007

(617) 720-2626

### CERTIFICATION PURSUANT TO LOCAL RULES 7.1 and 37.1

I, David H. Rich, hereby certify pursuant to Rules 7.1 and 37.1 of the Local Rules of the United States District Court for the District of Massachusetts that I have made a reasonable and good faith effort to reach agreement with counsel for News America Marketing In-Store, Inc., on the matter that is the subject of this Motion. I corresponded through e-mail with Gordon Katz on September 21, 2007, and counsel for Defendant has agreed not to object this motion.

/s/ David H. Rich
David H. Rich

### CERTIFICATE OF SERVICE

I, Charles H. Roumeliotis, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Date: September 21, 2007

/s/ Charles H. Roumeliotis
Charles H. Roumeliotis

2

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT FIREMAN and ANN RAIDER,<br><br>Plaintiffs,<br><br>v.<br><br>NEWS AMERICA MARKETING IN-STORE, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 05-1740MLW<br>)<br>)<br>)<br>)<br>)<br>) |

## ROBERT FIREMAN AND ANN RAIDER'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO DISCLOSE EXPERTS BEYOND EXPERT DISCLOSURE DATE

In a voluminous forty (40) page opposition, nearly half of which is focused on arguing the admissibility of the Plaintiffs Robert Fireman ("Mr. Fireman") and Ann Raider ("Ms. Raider") proposed experts and expert reports, Defendant fails in any meaningful sense to refute Plaintiffs' showing that the disclosure is harmless. As this Court noted in its decision in Alves v. Mazda Motor Of America, 448 F.Supp.2d 285, 293 (D. Mass 2006), a threshold factor in determining whether a party should be permitted to disclose an expert beyond the deadline is whether the disclosure is harmless. News America Marketing, In-Store, Inc. ("NAM") has failed in its opposition to refute Plaintiffs' argument that the disclosure is harmless, and thus the disclosure should be

permitted under Fed. R. Civ. P. 37(c).[1]

This brief reply will focus on two key areas in which NAM's Opposition is misguided. The first, and most important, concerns NAM's failure to meaningfully refute Plaintiffs' contention that the late disclosure was harmless. Second, the Plaintiffs contend that NAM's lengthy Daubert analysis is misguided and premature at this stage of the litigation, where the pending motion does not seek to have the Court rule that Plaintiffs' expert testimony is admissible, but merely requests that the Plaintiffs be able to disclose experts. In any event, the attempt to substantively preclude this sort of garden-variety, industry-based, expert testimony is not well founded.

### I. Defendant Has Failed To Refute Plaintiffs' Contention That The Late Disclosure Was Harmless

NAM argues that they will be required to incur substantial additional effort and expense to counter and challenge Plaintiffs' expert reports, yet NAM no where explains how this effort and expense is any different or more harmful than it would have been had the expert disclosures been timely made. Unlike in the case cited for support by Defendant, Santiago-Diaz v. Laboratorio Clinico Y De Referencia Del Esta, 456 F.3d 272, 277 (1st Cir. 2006), here NAM will have the opportunity to depose the experts, pursue countering evidence and prepare their defenses. Here, the "record is not replete with instances in which the plaintiff refused to work cooperatively with the defendants" as it was in Santiago-Diaz. Id. Unlike in this Court's decision in the Alves case, Plaintiffs' counsel has not continuously disregarded this Court's Orders and

---

[1] NAM's Opposition likewise fails to persuasively refute Plaintiffs' showing of substantial justification for the late disclosure of its experts and respectfully refers the Court to its original Motion at pages 7-9 for a detailed discussion of NAM's failure to timely present key witnesses for depositions which were required and necessary for Plaintiffs' experts to complete their reports.

misrepresented its reasons for doing so. In fact, it is the Defendant whose delay in providing witnesses for deposition which has caused this situation. See Alves, 448 F.Supp.2d at 296. Critically, the dates for filing of dispositive motions and trial have not yet been set in this case, and Defendant will certainly have the same opportunities to challenge and depose Plaintiffs' experts it would have had at an earlier date. The late disclosures will have no impact on the substance or timing of NAM's announced summary judgment filing and will not delay or postpone any scheduled or to-be scheduled dates in this matter. The record reflects no evidence to establish that NAM has prepared a summary judgment motion based on the exclusion of these experts, and there is no evidence of NAM's "*repeatedly* invest[ing] effort in litigating issues arising from plaintiff's recalcitrance regarding the disclosure of [their] experts." Id. The expert disclosure issue was raised with the Court shortly after the first date set for the end of discovery, and not as in Alves after a lengthy period of foot-dragging for years. At this stage in the matter Defendant will not be prejudiced in challenging and deposing the experts in preparing for dispositive motions or for trial. The late disclosure of the experts by Plaintiffs is harmless.

## II. Defendant's Daubert-Based Arguments On The Admissibility Of Plaintiffs' Experts Is A Premature And Misguided Attempt To Deflect Attention From The Harmless Nature Of And Substantial Justification For Plaintiffs' Late Disclosure

After failing to refute Plaintiffs' arguments that the late disclosure of their experts is harmless or lacked substantial justification, NAM attempts to obscure its failure in these areas by directing the Court away from these core considerations under Rule

37(c)(1) and instead attacks the expert disclosures themselves as allegedly being defective or improper. This undertaking is improper and premature.[2]

Defendant uses the Alves case for support that a court, prior to the experts' depositions and prior to filing or even the setting of a date for filing of summary judgment motions, may deny a motion to designate late experts by substantively looking to the merits of a particular disclosure. The Plaintiffs respectfully suggest that the Defendants' argument ignores Rule 37(c)(1) and the unique posture of the Alves case. There are two key distinctive features of the Alves case which distinguish it from the matter here. First, in Alves, the Defendants had in fact deposed the two late disclosed experts at the time of the decision, allowing this Court a full and complete record from which to assess and understand the nature of extent of the expert testimony. See Alves, 448 F.Supp.2d at 292, 297. Here, no depositions of the proposed experts have been undertaken. Second, and most importantly, the decision to exclude the experts in Alves came in the context of an accompanying summary judgment motion, which this Court ruled was sufficient "even if [the experts] had applied their methods reliably." Id. at 299. Critically, the Court noted that if the "experts' evidence was not being excluded, the court would order briefing of a motion for summary judgment that *focuses on the legal sufficiency of their opinions.*" Id. at n.5 (emphasis added).

In this matter, the date for any potential summary judgment motions has not yet been set. The Plaintiffs' expert disclosures will not derail any briefing schedule proposed by the Court. As the late disclosure of experts by Plaintiffs both has substantial justification and is harmless, it is premature at this point, prior to the experts' depositions

---

[2] Plaintiffs respectfully suggest that if the Court intends to address the substantive admissibility of this expert testimony in the context of the pending motion, that they be given a full and fair opportunity to brief the issue in detail so as to not be required to address this issue in the context of a reply brief.

4

and further briefing on the matter to focus on the legal sufficiency of the Plaintiffs' experts. Here, at this relatively early stage, the focus must be the exceptions to exclusion under Rule 37(c)(1), namely whether the Plaintiffs had substantial justifications for the late disclosure or the late disclosure will be harmless. See Cell Genesys, Inc. v. Applied Research Systems ARS Holding, 2007 WL 2296771, *21-22 (D. Mass. August 13, 2007).

In any event, Defendant's lengthy attempt at discrediting Plaintiffs' experts at this premature stage is misguided. Plaintiffs' experts are highly regarded professionals in the area in which this case is focused, the marketing and implementation or frequent shopper programs in the late 1990s and early 2000s. Defendant glosses over this critical part of the evaluation of industry experts, namely the critical importance of the experts' "personal knowledge and experience" in the industry. Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 150 (1999); see also Greenberg v. Paul Revere Life Insurance Co., 91 Fed. Appx. 539, 540-41 (9th Cir. 2004) (holding in affirming admission of testimony of industry expert that "reliability depends heavily on the knowledge and experience of the expert, rather than the theory or methodology behind it.") (internal citations omitted). In addition, contrary to Defendant's arguments, Plaintiffs' experts compare CCMI's failure to grow with a narrow group of companies all directly conducting business in the same narrow spectrum of the retail marketing arena, frequent shopper programs. The experts proceed to explain in detail, citing to numerous sources, how competitors of CCMI fared in the same time period as the one at issue in this case, applying these facts to this matter to contrast CCMI's weak performance in comparison to this narrowly defined group of competitors after its acquisition by NAM. This is precisely the kind of expert testimony that is regularly admitted in these types of actions.

5

Plaintiffs have shown, and Defendant has failed to refute, that Plaintiffs both had substantial justification for their delay in disclosing their experts due to Defendant's own delays during the discovery process and that the late disclosure was harmless as Defendant will have time to fully depose and challenge Plaintiffs' experts at this stage in the proceeding prior to a date being set for dispositive motions. Thus, Plaintiffs request that this Court allow their motion to serve expert reports.

ANN RAIDER AND ROBERT FIREMAN,

By their attorneys,

/s/ Charles H. Roumeliotis
Kevin T. Peters (BBO #550522)
David H. Rich (BBO #634275)
Charles H. Roumeliotis (BBO #657553)
Todd & Weld LLP
28 State Street
Boston, MA 02109

Dated: September 21, 2007          (617) 720-2626

CERTIFICATE OF SERVICE

I, Charles H. Roumeliotis, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Date: September 21, 2007          /s/ Charles H. Roumeliotis
                                  Charles H. Roumeliotis

6